**SMITH et ux. v. DUNCAN et al.**

**No. 11237.**

Court of Civil Appeals of Texas. Dallas.
June 10, 1933.

Rehearing Denied July 8, 1933.

Thos. G. Burke and Kent D. Allen, both of Dallas, and Howard L. Martin, of Grand Saline, for appellants.

Cox & Brown, of Temple, and W. B. Harrell, of Dallas, for appellees.

LOONEY, Justice.

Fletcher Smith and wife sued J. L. Duncan, R. L. Duncan, and C. W. Kennon, Jr., to reform certain instruments, hereinafter mentioned, and, in the alternative, for damages against J. L. and R. L. Duncan. On an instructed verdict, judgment was rendered for defendants, from which plaintiffs appealed.

As we view the case, the material facts are these: Plaintiffs owned 80 acres of land located in the region of the Van oil field in Van Zandt county, that was under lease to the Pure Oil Company, under the terms of which the owner was entitled, as royalty, to one-eighth of all oil, etc., produced. Plaintiffs agreed to sell and convey to J. L. Duncan, subject, of course, to the outstanding oil lease, and did convey to him an interest described as follows: "An undivided 1/64, same being 1/8 of 1/8, interest in and to all of the oil, gas and other minerals of every kind and character in, on or under that certain tract or parcel of land situated in the County of Van Zandt, State of Texas, and described as follows: [Here follows detailed description of the 80 acres.]" A few days later, Duncan sold and conveyed to defendant Kennon, under the following description, to-wit: "An undivided 1/64, same being 1/8 of 1/8, royalty interest in and to all of the oil, gas and other minerals of every kind and character in, on or under that certain tract or parcel of land situat-

ed in the County of Van Zandt," etc. (Same description as in the conveyance from Smith and wife to Duncan.)

It appears from the record that Kennon was led to believe, evidently by Duncan, that he (Duncan) owned an undivided interest of 10 acres in the oil, mineral, etc., by virtue of the conveyance to him by Smith and wife, above mentioned, and that his conveyance to Kennon would pass title to such undivided interest; at all events, Kennon asserted, and is asserting, a claim under these conveyances to a 10-acre undivided interest in the minerals and a corresponding interest in the royalty, under the Pure Oil Company lease.

Plaintiffs, assuming that their conveyance to Duncan might be susceptible to the construction placed upon it by defendants, and, in view of the claim asserted by Kennon, brought this suit to reform these instruments, alleging, as grounds for relief, that it was the intention of plaintiffs to convey only a 1/64, or 1¼ acres, undivided interest, and that, if their deed to Duncan may be construed as conveying a greater interest, its execution was induced by fraud on the part of the Duncans, and that, prior to the consummation of his trade with Duncan, Kennon had notice that plaintiffs intended to convey, and had conveyed, only a 1/64, or an acre and a quarter, undivided interest in and to said minerals and royalty, therefore prayed that these conveyances be reformed so as to speak the truth, and, if denied this relief, that he have judgment against J. L. and R. L. Duncan for $17,500 damages, etc.

The Duncans answered by exception and a general denial; Kennon, among other defenses, urged exceptions and a general denial, subject to certain admissions in regard to the execution of the conveyances involved, in regard to which there is no controversy.

The case was tried below on the issues joined, as to the alleged fraud of the Duncans and notice to Kennon; much evidence was introduced pro and con, and the case has been elaborately and ably briefed in this court on these issues; however, we do not deem it necessary to discuss these issues, because, under our view, the material facts, decisive of the controversy, are undisputed, and lay entirely out of the realm of fraud and notice.

As the 80 acres of land were under lease to the Pure Oil Company, we think it obvious that the conveyance from plaintiffs to J. L. Duncan passed no other than a 1/64 undivided interest (1¼ acres) of their reversionary interest in and to the oil or other minerals, in place, and an interest corresponding thereto, in, and the right to collect, royalty, that is, a 1/64 of the whole (or ⅛ of ⅛) of the oil, etc., when produced and delivered. See Hogg v. Magnolia, etc., Co., 267 S. W. 482.

We are of opinion that no judgment other

than for plaintiffs should have been rendered, and that the court erred in directing verdict and rendering judgment for the defendants. In this situation, it becomes the duty of this court to render such a judgment as the court below should have rendered; therefore it is adjudged and decreed that the conveyance from plaintiffs to J. L. Duncan of date July 5 (executed July 8), 1930, conveyed to and vested in the said Duncan an undivided $\frac{1}{64}$ interest ($1\frac{1}{4}$ acres) of their reversionary interest in and to the oil, gas, and minerals, in place, in, on, or under the said 80 acres of land, and correspondingly vested in the said Duncan an undivided interest in the $\frac{1}{8}$ royalty, under the Pure Oil Company lease, that is to say, a $\frac{1}{64}$ part of the whole (or a $\frac{1}{8}$ of $\frac{1}{8}$), and that the deed from J. L. Duncan to C. W. Kennon, Jr., of date July 9, 1930, conveyed to and vested in the said Kennon only an undivided interest in and to the $\frac{1}{8}$ royalty, under the Pure Oil Company lease, that is, a $\frac{1}{64}$ part of the whole (or $\frac{1}{8}$ of $\frac{1}{8}$) of the oil and minerals produced thereunder, and that plaintiffs take nothing as against J. L. and R. L. Duncan on the alternative plea for damages.

The judgment of the court below is reversed and rendered, as above indicated.

Reversed and rendered.

Associate Justice BOND did not take part in this decision, because of the fact that, as trial judge, he rendered the judgment under review.